UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2022 JAN 10 AM 10:46
OFFICE OF THE CLERK

DAVID A. JACKSON-MACKAY,

Plaintiff,

CASE NO. 8:22CV10

vs.

VONNIE COTANT, Jail Administrator; MICHAEL DEDINSKY, Deputy Jail Administrator; JULIE WHITE, Administrative Sergeant; VAL RIVAS, Mail Room Supervisor; KARI WOLF, Mail Room Clerk; JEREMIAH BREITHAUER, Inmate Services Liasion; and JOHN AND JANE DOES 1 THROUGH 10,

Defendants.

RECEIVED
JAN 10 2022
CLERK
U.S. DISTRICT COURT

# CIVIL RIGHTS COMPLAINT

COMES NOW, Plaintiff David A. Jackson-Mackay, prose, and pursuant to 42 U.S.C. 1983, et seq. and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397 (1971), and states as follows, to wit:

## I. PLAINTIFF(S)

1. Plaintiff, David A. Jackson-macray, whose address is 2522 7th Street, Gering, NE 69341, is and was so at all times relevant herein a pretrial detainee at the Scotts Bluff County Detention Center (hereinafter referred to as "SBCDC.")

## II. DEFENDANT(S)

1. Defendant, vonnie Cotant, whose address is 2522 7th Street, Gering, NE 69341, is and was so at all times relevant herein the jail administrator at the SBCDC.

2. Defendant, michael Dedinsky, whose address is 2522 7th Street, Gering, NE 69341, is and was so at all times relevant herein the Deputy Jail Administrator at the SBCDC.

3. Defendant, Julie White, whose address is 2522 7th Street, Gering, NE 69341, is and was so at all times relevant herein the Administrative Sergeant at the SBCDC.

4. Defendant, Val Rivas, whose address is 2522 7th Street, Gering, NE 69341, is and was so at all times relevant herein the Mail Room Supervisor at the SBCDC.

5. Defendant, Kari Wolf, whose address is 2522 7th Street, Gering, NE 69341, is and was so at all times relevant herein the Mail Room Clerk at the SBCDC.

6. Defendant, Jeremiah Bretthauer, whose address is 2522 7th Street, Gering, NE 69341, is and was so at all times relevant herein the Inmate Services Liasion at the SBCDC.

7. Defendant, John and Jane DOES 1 through 10 are all employees, agents, directors or officers of the SBCDC, but whose identities are yet unknown to the Plaintiff. It is anticipated that their identities will be discovered through the discovery process.

8. Unless otherwise stated, all Defendants' were acting under the color of State law when they committed the acts or omissions complained of in this Complaint.

9. All Defendants' are sued in their individual and official capacities, jointly and severally.

## III. JURISDICTION & VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983 et seq. and in

accordance to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397 (1971).

2. Venue in the United States District Court for the District of Nebraska is appropriate because all of the acts and ommissions complained of occurred exclusively in the State of Nebraska.

IV. CAUSES OF ACTION

A: UNLAWFUL OPENING AND COPYING LEGAL MAIL

1. On or about August 30, 2021, Defendants' Cotant and Dedinsky authored a new jail policy that all incoming inmate mail, to include mail clearly and properly labeled "LEGAL MAIL" would be opened and photocopied, prior to being given to the inmate to whom it was addressed.

2. On or about August 30, 2021, under the directive of Defendants' Cotant and Dedinsky, Defendants' White, Rivas and Wolf began opening all incoming inmate mail, including legal mail, and photocopying the same.

3. On or about November 03, 2021, the Plaintiff received a letter from the Federal Public Defender's Office, clearly labeled and marked "legal mail." Defendants' White and Rivas processed this piece of mail and directed Defendant Wolfe to deliver, open, and photocopy

the said legal mail.

4. On or about November 24, 2021, the Plaintiff again received another Legal mail envelope from the Federal Public Defenders Office. Again, the mail was clearly marked and labeled "legal mail." As is the protocol, Defendants' White and Rivas processed this piece of mail and directed Defendant Wolfe to deliver, open, and photocopy the said legal mail.

5. On November 24, 2021, the Plaintiff had a discussion with Defendant Wolf about the legal mail being copied outside of the inmates' presence and that the Plaintiff asserts the practice is unconstitutional. Defendant Wolf responded by stating, "I know I know. They are putting me in a tough spot...." Clearly, Defendant Wolf knows the practice is illegal and was uncomfortable doing so.

6. On or about November 16, 2021, the Plaintiff met in person with Defendant White and specifically discussed the opening of mail, as well as photocopying it. Defendant White asserted that Defendants' Cotant and Dedinsky implemented the mail policy and that she (White) "will have to do as I am told, even if it is wrong." Again, another Defendant knows opening and photocopying mail is unconstitutional, but is

Choosing to do it anyway.

7. On November 15, 2021, the Plaintiff filed a grievance concerning opening and photocopying legal mail. On November 16, 2021, Defendant White responded to said grievance, essentially stating Defendants' Cotant and Dedinsky authorized the policy.

8. On November 16, 2021, the Plaintiff filed a grievance appeal concerning the opening and photocopying of legal mail. On November 16, 2021, Defendant Dedinsky responded to the appeal by referring it to Defendant Cotant. To date, the grievance appeal remains unanswered.

9. It is well-settled that opening a prisoner's legal mail is unconstitutional. Courts have held that such a practice "chills communication between an attorney and their client." Two such cases on point is Smith v. Maschner, 899 F.2d 940 (10th Cir) and Weiler v. Purkett, 137 F.3d 1047 (8th Cir. 1998).

10. It would stand to reason that if opening legal mail outside of the prisoner's presence is unconstitutional, then taking the mail (even before the inmate has been allowed to read it) and photocopying the said legal mail outside of the prisoners' presence, would also be unconstitutional.

11. When a Defendant restricts or impedes a Constitutional right of a prisoner, that restriction MUST be closely related to a legitimate penological interest. No conceivable or legitimate penological interest exists that would allow such a devestating intrusion.

12. The Plaintiff is currently the subject of a very serious criminal case and his censored communication with his criminal defense attorney has significantly chilled the said communication.

13. The Defendants' continued conduct will inevitably have disasterous consequences for the Plaintiff's ongoing criminal litigation.

14. The Plaintiff is detained approximately 80 miles from his criminal attorney. Therefore, the Plaintiff MUST almost exclusively rely on mail between him and his attorney to prepare for a trial that is expected to commence in 35 days. As such, the Defendants' unconstitutional conduct is significantly impedeing the Plaintiff's ability to adequately assist in his own defense.

15. All Defendants' know or should have reasonably known that their conduct was illegal and unconstitutional, especially given that the Defendants' were contacted by the Federal Public

defenders office and were told several times to stop doing this or they were exposing themselves to a lawsuit.

16. It is essential to understand that Defendants' created a blanket policy with regard to opening legal mail and photocopying it. It was not only related to one detainee or one attorney; it was for all detainees and all attorneys.

B. DENIAL OF ACCESS TO COURTS

1. On numerous occasions between October 21, 2021 and December 06, 2021, plaintiff submitted written requests to have legal documents notarized and photocopied.

2. Each request for notary and copy service was denied by Defendants' Cotant, Dedinsky, White, and Brettthauer. These Defendants', both individually and collectively, responded to the Plaintiff's request stating that they were unable to verify the Plaintiff's "pro se status."

3. Plaintiff provided Defendants' White and Dedinsky the relevant case information, to specifically include the case caption, case number, Court name, Court location and Court Clerk's phone number. This information was provided to the Defendants' on at least three different occasions.

4. Plaintiff specifically advised Defendants' Cotant, Dedinsky, White, and Bretthauer that it was for a criminal case appeal and that the Plaintiff had a filing deadline. These Defendants, both individually and collectively, ignored the Plaintiff in a willful and unlawful manner.

5. As a direct result of the Defendants' conduct, the Plaintiff was unable to file criminal appellate documents in Laramie County District Court case number CR-31-652, whereby permanently injuring the Plaintiff's ability to appeal his criminal case.

6. Plaintiff had the appropriate funds to cover the cost of photocopies and the

mailing of those documents. Payment for the copies was not at issue in this case. It was simply a matter of the Defendants' refusing to provide the service, and such refusal was not related to any legitimate penological interest.

7. As a direct and proximate result of the Defendants' conduct, the Plaintiff was denied the ability to file a Notice of Appeal and related appeal documents in the Laramie County, Wyoming District Court, case number CR-31-652, and that conduct has forever barred the ~~Defendant~~ Plaintiff from appealing that said case.

8. As a direct and proximate result of the Defendant's conduct, the Plaintiff is forever barred from seeking post-conviction relief. The Defendants' conduct of denying photocopy and notary service stopped the filing of a Notice of Appeal, which in turn stopped the filing of all other post-conviction relief.

9. Defendants' were put on notice that there was irreparable damage being caused to the Plaintiff as a result of the Defendants' conduct.

10. Defendants' knew, or should have reasonably known, that their conduct was unlawful and that said conduct was harming the Plaintiff.

11. The Defendants' conduct effectively denied the Plaintiff access to the Courts, in violation of the Plaintiff's Constitutional rights.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff filed an institutional grievance as to each cause of action.

2. Plaintiff filed an institutional grievance appeal as to each cause of action.

3. No further grievance procedure exists, whereby causing the Plaintiff to have

effectively exhausted the available administrative remedies.

4. Plaintiff asserts that the requirements of the Prison Litigation Reform Act (PLRA), 42 U.S.C. 1988, have been complied with related to this cause of action.

## VI. CLAIM FOR RELIEF

WHEREFORE, the Plaintiff prays the Court enter an Order granting:

1. Punitive damages in the amount of $50,000.00 per Defendant for their willful, wanton and egrigious conduct, to dissuade similarly situated Defendants' from engaging in similar conduct;

2. Compensatory damages in the amount of $100,000.00 per Defendant to compensate the Plaintiff for his actual injuries;

3. Court fees and litigation costs, as determined at the conclusion of this case; and

4. Any additional and further relief the Court deems just, fit, and proper under the circumstances.

DATED this 20th day of December, 2021.

David A. Jackson-Mackay

David A. Jackson-Mackay
850 maple Street
Wheatland, WY 82201
(214) 444-8115
damackay99@gmail.com

I hereby certify that the above and foregoing CIVIL RIGHTS COMPLAINT was placed into the institutional mailbox for submission to the Court for filing on the 23rd day of December, 2021.

David A. Jackson-Mackay

David A. Jackson-mackay
Plaintiff, pro se

DAVID A. JACKSON-MACKAY
**Inmate** angelina Sharpe
**Platte County Detention Center**
**850 Maple St.**
**Wheatland, WY 82201**

**INMATE MAIL**

**POSTAGE PAID**

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES
ZIP 82201
02 7H
0001298150
$ 000.93⁰
DEC 27 2021

POSTAGE DUE 43¢

RECEIVED
JAN 1 0 2022
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
111 SOUTH 18th PLAZA, SUITE 1152
OMAHA, NE 68102

LEGAL MAIL