IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID A. JACKSON-MACKAY,<br><br>Plaintiff,<br><br>vs.<br><br>VONNIE COTANT, Jail Administrator; MICHAEL DEDINSKY, Deputy Jail Administrator; JULIE WHITE, Administrative Sergeant; VAL RIVAS, Mail Room Supervisor; KARL WOLF, Mail Room Clerk; JEREMIAH BRETTHAUER, Inmate Services Liasion; and JOHN AND JANE DOES 1 THROUGH 10,<br><br>Defendants. | 8:22CV10<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a prisoner currently being held at the Platte County Detention Center in Wheatland, Wyoming, has been granted leave to proceed in forma pauperis and has paid the required initial partial filing fee. The court will now conduct an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that while he was a pretrial detainee at the Detention Center in Buffalo County, Nebraska, privileged mail from his attorney was opened and photocopied by correctional officers outside of his presence before being delivered. Defendants Cotant and Dedinsky, the jail's administrator and deputy administrator, allegedly established a policy on August 30, 2021, that all incoming inmate mail, including clearly labeled legal mail, would be opened and photocopied prior to being given to the inmate to whom it was addressed. The policy was then implemented by Defendants White, Rivas, and Wolf. Correspondence marked "legal mail" that Plaintiff received from the Federal Public Defenders Office on or about November 3 and 24, 2021, was opened and photocopied.

Plaintiff also complains Defendants Cotant, Dedinsky, White, and Bretthauer interfered with his access to the courts on numerous occasions between October 21 and December 6, 2021, by refusing to honor his requests to have legal documents notarized and photocopied, even though he had funds available to pay for those services and informed Defendants he needed to file a criminal appeal by a certain date. Plaintiff alleges he missed the filing deadline as a result.

For relief, Plaintiff seeks to recover compensatory and punitive damages from Defendants in their individual and official capacities.

### III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983.[1] To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Opening Legal Mail

"Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *see Cody v. Weber,* 256 F.3d 764, 767-68 (8th Cir. 2001) (reiterating that "mail from an attorney to an inmate client cannot be opened for inspection outside the inmate's presence"); *Powells v. Minnehaha Cnty. Sheriff Dep't,* 198 F.3d 711, 712 (8th Cir. 1999) (reversing pre-service dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A because inmate's claim that correctional officers "opened his 'legal mail' when he was not present" stated a sufficient constitutional claim); *see also Thongvanh v. Thalacker,* 17 F.3d 256, 258-59 (8th Cir. 1994) (prison officials' duty to maintain

---

[1] Plaintiff's Complaint also cites *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), but a *Bivens* action is against a federal official, not a state actor. *See Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997) ("'[A]n action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials.'") (quoting *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995)).

3

security within prison does not extend to reading inmates' legal mail). Plaintiff's Complaint sufficiently alleges a constitutional claim against Defendants Cotant, Dedinsky, White, Rivas, and Wolf, in their individual capacities.

### B. Interference with Access to Courts

It is also well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an access-to-courts claim, a prisoner must establish that he sustained "actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). "[A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner*, 109 F.3d at 431 (internal quotation marks omitted). Plaintiff's Complaint sufficiently alleges a constitutional claim against Defendants Cotant, Dedinsky, White, and Bretthauer, in their individual capacities.

### C. John and Jane Does 1-10

Claims are also made against unknown Defendants, but the Complaint contains no allegations of wrongdoing on their part. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Additionally, the complaint contains no specific factual allegations to permit the unknown individuals to be identified following reasonable discovery. This action therefore cannot proceed against them. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). Defendants John and Jane Does 1-10 therefore will be dismissed from the action.

4

D. Official-Capacity Claims

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). Here, the public employer is Buffalo County, but it cannot be held liable for the correctional officers' alleged misconduct under a theory of *respondeat superior* or vicarious liability.

"It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the [county] may be held liable under § 1983." *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)). In other words, it is not enough to show that the officers were acting at the direction of someone who was higher in the chain of command. To prevail on an official-capacity claim, Plaintiff must show that the alleged constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"[M]unicipal liability under § 1983 attaches where ... a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 946 (8th Cir. 2017) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Thus a single decision by a municipal official can constitute official policy. *Id.* (citing *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016)). But "liability attaches only where the decision-maker possesses final authority to establish municipal policy with respect to the action ordered." *Id.* (quoting *Pembaur*, 475 U.S. at 481).

"Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to

the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700).

A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *see also Brossart v. Janke*, 859 F.3d 616, 627-28 (8th Cir. 2017) ("A municipality may also be liable where its policies are lawful on their face but municipal action, such as failure to train or supervise, was taken with deliberate indifference as to its known or obvious consequences and led an employee to violate a plaintiff's rights.") (quotation marks and citations omitted).

Plaintiff does not allege that the violation of his constitutional rights occurred because of a county policy or custom, or because of a failure to train or supervise correctional officers, nor does his Complaint contain any facts from which it might reasonably be inferred that Buffalo County is responsible for the alleged violations. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). Plaintiff alleges that Defendants Cotant and Dedinsky, the jail's administrator and deputy administrator, established the policy for opening inmates' legal mail, but there are no facts alleged to show that they acted as the final policy policymakers for the county with respect to the particular conduct challenged in this lawsuit. Nor are there any facts alleged to show that Defendants' refusal to notarize and photocopy legal documents was the result of a municipal policy or custom.

"[T]he identification of those officials whose decisions represent the official policy of the local government unit is itself a legal question to be resolved by the trial judge *before* the case is submitted to the jury." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (emphasis in original). "District courts should consult two sources to identify the final policymaker: (1) state and local positive law and (2) state and local custom or usage having the force of law." *Soltesz*, 847 F.3d at 946 (internal quotations and citations omitted). "State law, including valid local ordinances and regulations, will always direct the courts to some official or body of officials that

has policymaking authority in a given area of the municipality's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988). Federal courts are not justified "in assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it." *Id.* at 126.

In Nebraska, "[e]xcept in counties where a county board of corrections exists and has assumed responsibility over the jail pursuant to sections 23-2801 to 23-2806, the sheriff shall have charge and custody of the jail, and the prisoners of the same, …." Douglas County and Lancaster County, the State's two most populous counties, are required to have a county board of corrections, which "shall have charge of the county jail and correctional facilities and of all persons by law confined in such jail or correctional facilities," but in all other counties (with a population of less than one hundred fifty thousand) a county board of corrections is optional. Neb. Rev. Stat. § 23-2802.

Unless the mail-opening policy was ratified by the sheriff (or, if applicable, the county board),[2] or unless the jail administrator was delegated absolute authority to make policy for the county in this area,[3] there can be no municipal liability. *See, e.g.*, *Cavanaugh v. Hall Cty. Dep't of Corr.*, No. 4:14CV3062, 2015 WL 6142927, at *5-6 (D. Neb. Oct. 19, 2015) (finding director of county department of corrections answered to the county board and lacked final policymaking authority), *aff'd*, 667 F.

---

[2] "A final policymaker ratifies the decision of a subordinate when [it] takes an affirmative act to approve both the decision and the basis for the decision." *Soltesz*, 847 F.3d at 947 (citing *Praprotnik*, 485 U.S. at 127). "Accordingly, ratification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act." *Id.* (quoting *Lytle v. Carl*, 382 F.3d 978, 988 n. 2 (9th Cir. 2004))

[3] "A subordinate official possesses delegated final policymaking authority when that official acts (1) free of review and (2) without any constraints imposed as a matter of policy by the original policymaker. *Id.* (citing *Praprotnik*, 485 U.S. at 127). "If the board retains the authority to review, even though it may not exercise such review or investigate the basis of the decision, delegation of final authority does not occur." *Id.* at 946-47 (quoting *Milligan-Hitt v. Bd. of Trs. of Sheridan Cnty. Sch. Dist.*, 523 F.3d 1219, 1229 (10th Cir. 2008)). "Simply going along with discretionary decisions made by one's subordinates ... is not a delegation to them of the authority to make policy." *Praprotnik*, 485 U.S. at 130.

7

App'x 576 (8th Cir. 2016) (unpublished). Neither situation is claimed to exist here. On the facts alleged in Plaintiff's Complaint, therefore, only individual-capacity claims can be maintained against Defendants for opening and photocopying Plaintiff's legal mail.

Similarly, there are no facts alleged to show that a county policy or custom prevented Plaintiff from having his legal documents notarized and photocopied. "To trigger municipal liability based on unofficial municipal custom, the custom must be so pervasive among non-policymaking employees of the municipality that it effectively has the force of law." *Bolderson v. City of Wentzville*, 840 F.3d 982, 986 (8th Cir. 2016) (quoting *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998)). "An unconstitutional custom or usage cannot arise from a single act." *Id.* (quoting *McGautha v. Jackson Cnty., Mo., Collections Dep't*, 36 F.3d 53, 57 (8th Cir. 1994)).

## IV. CONCLUSION

Plaintiff's Complaint states a plausible section 1983 claim against Defendants Cotant, Dedinsky, White, Rivas, and Wolf, in their individual capacities, for opening and photocopying Plaintiff's legal mail, and a plausible section 1983 claim against Defendants Cotant, Dedinsky, White, and Bretthauer, in their individual capacities, for interfering with Plaintiff's right to appeal a criminal case by not notarizing and photocopying legal documents as he requested. However, all official-capacity claims against these six Defendants, and all claims against fictitious Defendants John and Jane Does 1-10, are subject to preservice dismissal for failure to state a claim upon which relief may be granted.

The court on its own motion will give Plaintiff 30 days to file an amended complaint, if he so desires, to state plausible official-capacity claims for either or both of the alleged constitutional violations. (Alternatively, Plaintiff may sue Buffalo County directly.) If an amended complaint is not filed within 30 days, the case will proceed to service of process only on the individual-capacity claims alleged in the Complaint (Filing 1).

Accordingly,

IT IS ORDERED:

1. All official-capacity claims are dismissed without prejudice.

2. All claims against Defendants John and Jane Does 1-10 are dismissed without prejudice.

3. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.

4. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event Plaintiff files an amended complaint.

6. If Plaintiff does not file an amended complaint within 30 days, the court will direct the Clerk of the Court to issue summonses for Defendants Cotant, Dedinsky, White, Rivas, Wolf, and Bretthauer, in their individual capacities only, and to forward the summonses and copies of Plaintiff's Complaint (Filing 1) to the United States Marshal for service.[4]

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory)); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See also Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts).

7. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 25, 2022**—amended complaint due.

8. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 23rd day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge