IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID A. JACKSON-MACKAY, AUSTIN D. ANDERSON, and PRESTON WISENBAKER,<br><br>Plaintiffs,<br><br>vs.<br><br>VONNIE COTANT, et al.,<br><br>Defendants. | 8:22CV10<br><br>MEMORANDUM AND ORDER |

This matter is before the court for case management. Plaintiff David A. Jackson-Mackay filed a Complaint (Filing 1) on January 10, 2022, and was granted leave to proceed in forma pauperis ("IFP"). After Jackson-Mackay paid the required initial partial fee,[1] the court conducted an initial review of the Complaint.

In a Memorandum and Order entered on February 23, 2022, the court determined that the Complaint sufficiently stated claims upon which relief may be granted against certain Defendants in their individual capacities, but that no official-capacity claims could be maintained. The court then gave Jackson-Mackay 30 days to file an amended complaint if he wished to pursue official-capacity claims.

An Amended Complaint (Filing 10) was filed on March 18, 2022, in which Austin D. Anderson and Preston Wisenbaker have joined as Plaintiffs. Prisoners are allowed to file joint civil rights complaints in this district if the criteria of permissible

---

[1] A prisoner plaintiff proceeding in forma pauperis must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly trust account balance or average monthly deposits for the six months preceding the filing of the complaint, and thereafter must pay monthly installments of 20 percent of the preceding month's income credited to the prisoner's account until the $350.00 filing fee is completely paid. *See* 28 U.S.C. § 1915(b).

1

joinder under Federal Rule of Civil Procedure 20 are satisfied. However, pursuant to the Prison Litigation Reform Act ("PLRA"), each prisoner in a joint action must pay the full civil filing fee. *See Cole v. Houston*, No. 4:06cv3314, 2007 WL 1309821 (D. Neb. March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, this court will alert Plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation. Therefore, the court offers Plaintiffs Austin D. Anderson and Preston Wisenbaker[2] an opportunity to withdraw from this litigation before the case progresses further. Each of these co-plaintiffs may wish to take the following points into consideration when making his decision:

- He must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.
- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.
- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.
- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.
- In screening the complaint, the court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

---

[2] The court designates Plaintiff David A. Jackson-Mackay, who delivered the Amended Complaint to the court and whose name is listed first on the pleading, as the "lead plaintiff" for purposes of this order because the pleadings and the motions filed to date indicate that he has taken the initiative to bring this action.

Plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See* Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

IT IS THEREFORE ORDERED that:

1. The non-lead Plaintiffs, Austin D. Anderson and Preston Wisenbaker, shall have 30 days from the date of entry of this order in which to advise the court whether he wishes to continue as a Plaintiff in this group action. If, by that deadline, any non-lead Plaintiff advises the Court that he does not wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee for this action.[3] **This is the only way to avoid the obligation to pay a filing fee for this action.**

Alternatively, if any Plaintiff (including lead Plaintiff David A. Jackson-Mackay) wants to pursue his claims individually in a separate lawsuit, he shall so advise the court in writing, and his claims shall be severed into a new action where a filing fee will be assessed.

2. Each non-lead Plaintiff, Austin D. Anderson and Preston Wisenbaker, who chooses to continue as a Plaintiff, either in this action or in a severed individual

---

[3] As the lead Plaintiff, David A. Jackson-Mackay may choose to voluntarily dismiss or sever his claims but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529 30 (8th Cir. 1997).

3

case, is hereby ORDERED to pay a fee of $402.00[4] or file a properly completed motion for leave to proceed in forma pauperis within 30 days from the date of this Memorandum and Order. The clerk's office is directed to send the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to Austin D. Anderson and Preston Wisenbaker.

Failure to submit a properly completed IFP motion does not relieve a non-lead Plaintiff of the obligation to pay a filing fee unless he also submits timely written notice that he does not intend to proceed with the action. **Any non-lead Plaintiff who simply does not respond to this Memorandum and Order within 30 days will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

3. Plaintiffs are again WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

4. Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the court informed of any change in his address.

5. If non-lead Plaintiffs Anderson and Wisenbaker both either pay the $402.00 or are granted leave to proceed IFP, the court will then conduct an initial review of the Amended Complaint under 28 U.S.C. §§ 1915(b)(2) and 1915A. If, however, either one of these Plaintiffs is dismissed from the action, the court will order that a second amended complaint be filed.

---

[4] A Plaintiff whose application to proceed IFP is approved will be charged a filing fee of only $350.00, as he is not subject to the $52.00 administrative fee assessed to non-IFP plaintiffs.

6. The clerk of the court is directed to set a pro se case management deadline in this matter using the following text: **April 27, 2022** – check for responses from non-lead Plaintiffs.

Dated this 28th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge