IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID A. JACKSON-MACKAY, AUSTIN D. ANDERSON, and PRESTON WISENBAKER,<br><br>Plaintiffs,<br><br>vs.<br><br>VONNIE COTANT, et al.,<br><br>Defendants. | 8:22CV10<br><br><br>**MEMORANDUM AND ORDER** |

David A. Jackson-Mackay, the lead plaintiff in this § 1983 action, has filed a motion for reconsideration (Filing 19) of the court's March 28, 2022 Memorandum and Order (Filing 11) in which his recently joined co-plaintiffs were each given 30 days in which to pay the court's $402.00 filing and administrative fees or else file a motion for leave to proceed in forma pauperis ("IFP").[1] Otherwise, these new parties would be dismissed from the action without incurring any payment obligation. Both have opted to remain in the action by filing motions to proceed IFP. See Filings 13 and 16. All three plaintiffs are prisoners who are subject to restrictions imposed by of the Prison Litigation Reform Act ("PLRA"), including the requirement that "if a

---

[1] Jackson-Mackay commenced this action on January 10, 2022, complaining that legal mail was opened outside his presence at the Scotts Bluff County Detention Center ("SBCDC"), and also that his right of access to the courts was interfered with when his legal documents were not notarized and photocopied. The court conducted an initial review of his complaint and, in a Memorandum and Order entered on February 23, 2022 (Filing 8), determined that plausible claims for relief were stated against certain defendants in their individual capacities, but that the official-capacity claims were subject to preservice dismissal. On the court's own motion, Jackson-Mackay was given 30 days to file an amended complaint if he wished to pursue the official-capacity claims. An amended complaint (Filing 10) was filed on March 18, 2022, with former SBCDC inmates Austin D. Anderson and Preston Wisenbaker joining as plaintiffs.

prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).

The motion for reconsideration, which is signed only by Jackson-Mackay, will be denied for several reasons.

First, Jackson-Mackay does not have standing to challenge the court's ruling that each of his co-plaintiffs is obligated to pay the full amount of the filing fee. "As a general rule, to establish standing a plaintiff must assert his legal rights or interests and not 'the legal rights or interests of third parties.'" *Stanko v. Sheridan Cty.*, No. 8:20CV294, 2020 WL 6707360, at *2 n. 2 (D. Neb. Nov. 13, 2020) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).

Second, Jackson-Mackay cannot represent the interests of his co-plaintiffs in this matter. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper … must be signed by a party personally if the party is unrepresented.").[2] Pro se parties may not represent the interests of other parties. *Miller By A.M. v. Dorsey*, No. 4:18CV3031, 2018 WL 4854180, at *3 (D. Neb. Oct. 5, 2018); *see also Hamm v. Groose,* 15 F.3d 110, 112 (8th Cir. 1994) (inmate cannot bring claim on behalf of another inmate).

Third, the issue raised in the motion for reconsideration is moot because both of Jackson-Mackay's co-plaintiffs have filed motions to proceed IFP, and each of them is now obligated to pay the full amount of the filing fee. *See Pavon v. Norfolk Daily News*, No. 407CV3077, 2007 WL 1651239, at *2 (D. Neb. June 4, 2007) (under PLRA, plaintiff prisoner becomes liable for payment of filing fee the moment the lawsuit is filed) (citing cases). Following the recommendation of the Seventh Circuit in *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004), the court alerted Jackson-Mackay's co-plaintiffs to this fee-payment requirement and gave them the

---

[2] Especially now that Jackson-Mackay is being held at a different facility from that of his co-plaintiffs, the court wishes to reemphasize that any pleading, motion, or other document filed on behalf of multiple plaintiffs must be signed by each and every one of them.

option of dropping out of the lawsuit without incurring any payment obligation.[3] (See Filing 11.) They declined to exercise this option.

Finally, even if the motion for reconsideration were properly before the court, it has not been shown that the March 28, 2022 Memorandum and Order is erroneous as a matter of law, or that there is any other legitimate reason for granting relief.[4] Although the Eighth Circuit Court of Appeals has yet to address the issue, the Eleventh, Seventh, and Third Circuits have held that the PLRA requires each individual prisoner-plaintiff to pay the full amount of the filing fee. *See Hubbard v. Haley,* 262 F.3d 1194 (11th Cir. 2001). *Boriboune*, *supra*; *Hagan v. Rogers,* 570 F.3d 146 (3d Cir. 2009).[5] In the Eleventh Circuit, this means that the fee-payment

---

[3] The court also outlined other points for them to consider before joining as plaintiffs in this action. See Filing 11 at 2.

[4] The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir.1999)). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Id.* (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)); *see Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure."). Relief from an order may be granted, inter alia, for "mistake, inadvertence, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). Importantly, however, relief under the catchall provision, subsection (6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

[5] In contrast to the Eleventh, Seventh, and Third Circuits, there is an administrative order from the then chief judge of the Sixth Circuit stating that "[b]ecause each prisoner chose to join in the prosecution of the case, each prisoner should be proportionality liable for any fees and costs that may be assessed." *In re Prison Litig. Reform Act,* 105 F.3d 1131, 1137-38 (6th Cir. 1997). That order has been interpreted by some district courts within the Sixth Circuit as holding that only a single filing fee is required in a multi-prisoner IFP action. *Fox v. Koskinen,* No. 2:09–cv–160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 14, 2009); *Harris v. Gerth,* No. 2:08–CV–12374, 2008 WL 3200016, at *1 (E.D. Mich. Aug. 6, 2008). *But see Jones v. Fletcher,* No. Civ.A.05CV07–JMH, 2005 WL 1175960, at *6 (E.D.

3

requirement of 28 U.S.C. § 1915(b)(1) "trumps" Rule 20 of the Federal Rules and Civil Procedure, and joint prisoner suits are not allowed to be filed. At least two district courts within the Eighth Circuit have adopted this approach. *See Clemons v. Basham*, No. 4:22-CV-158-SRW, 2022 WL 444039, at *1 (E.D. Mo. Feb. 14, 2022) ("This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 …."); *Jefferson v. Doe Jail Dr.*, No. 6:21-CV-06111, 2021 WL 4075380, at *1 (W.D. Ark. Aug. 17, 2021) ("The Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed IFP."), *report and recommendation adopted sub nom. Jefferson v. Doe*, No. 6:21-CV-06111, 2021 WL 4066330 (W.D. Ark. Sept. 7, 2021). In the Seventh and Third Circuits, prisoners are still permitted to litigate jointly if they satisfy the criteria for joinder under Rule 20, but they must each pay a separate filing fee. The judges in the District of Nebraska decided to adopt this approach until the Eighth Circuit Court of Appeals addresses the issue. *Cole v. Houston*, No. 406CV3314, 2007 WL 1309821, at *2 (D. Neb. Mar. 30, 2007). This approach has also been adopted in the District of South Dakota. *See Dale v. Kaemingk*, No. 4:15-CV-041 03-RAL, 2015 WL 6823536, at *1-2 (D .S.D. Nov. 5, 2015) ("The conclusion of the Eleventh, Seventh, and Third Circuits that § 1915(b)(1) requires every prisoner proceeding IFP to pay the full filing fee, even when prisoners have filed a joint complaint, is persuasive.").

Jackson-Mackay has also filed a motion to obtain free copies of court filings (Filing 20). 28 U.S.C § 1915(a) does not give an IFP plaintiff the right to receive free copies from the court. *Goodwin v. Hughes*, No. 4:19CV3114, 2022 WL 344271, at *2 (D. Neb. Feb. 4, 2022); *see Duwenhoegger v. Miles*, No. 17-CV-1432 (PJS/TNL), 2017 WL 2799155, at *1 (D. Minn. June 28, 2017) ("An IFP litigant is not entitled to free copies of documents that he submitted to the Court."); *In re*

---

Ky. May 5, 2005) (stating that it is unsettled within the Sixth Circuit whether a single filing fee should be apportioned among multiple prisoners, noting that *In re Prison Litig. Reform Act* failed to consider the purpose of the PLRA and the impact of Rule 20 on the PLRA's implementation, and requiring each prisoner proceeding IFP to pay the full filing fee); *Montague v. Schofield*, No. 2:14-CV-292, 2015 WL 1879590, at *3 (E.D. Tenn. Apr. 22, 2015) (severing claims of 29 prisoner plaintiffs and assessing full $350 filing fee against each of them).

*Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) ... does not give the litigant a right to have documents copied and returned to him at government expense."); *Fiveash v. Tom Green Cty.*, 30 F.3d 1493 (5th Cir. 1994) (per curiam) (unpublished table decision) ("There is no provision in the statute which gives Fiveash the right to have his pleadings copied and returned to him at Government expense."); *Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not...."); *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

"Paper and certified copies of electronically filed documents may be purchased from the clerk for a fee collected under 28 U.S.C. § 1914." NEGenR 1.3(a)(1)(A)(iii). Jackson-Mackay's lack of funds is not a sufficient reason to create an exception to this payment requirement.

IT IS THEREFORE ORDERED:

1. Plaintiff Jackson-Mackay's motion for reconsideration (Filing 19) is denied.

2. Plaintiff Jackson-Mackay's motion for copies (Filing 20) is denied.

Dated this 27th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge