IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID A. JACKSON-MACKAY, AUSTIN D. ANDERSON, and PRESTON WISENBAKER,<br><br>Plaintiffs,<br><br>vs.<br><br>VONNIE COTANT, Jail Administrator, Scotts Bluff County Detention Center; MICHAEL DEDINSKY, Deputy Jail Administrator, Scotts Bluff County Detention Center; JULIE WHITE, Administrative Sergeant, Scotts Bluff County Detention Center; VAL RIVAS, Mail Room Supervisor, Scotts Bluff County Detention Center; KARI WOLF, Mail Room Clerk; JEREMIAH BRETTHAUER, Inmate Services Liasion, Scotts Bluff County Detention Center; SCOTTS BLUFF COUNTY DETENTION CENTER, COUNTY OF SCOTTS BLUFF, NEBRASKA, acting through the Scotts Bluff County Detention Center; SCOTTS BLUFF COUNTY SHERIFF'S DEPARTMENT, MARK OVERMAN, Sheriff, Scotts Bluff County Detention Center; and SCOTTS BLUFF COUNTY COMMISSIONERS,<br><br>Defendants. | 8:22CV10<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff David A. Jackson-Mackay's ("Plaintiff") Notice of Appeals (filings 30 & 31) and Motion for Leave to Appeal

in Forma Pauperis (filing 32). For the reasons set forth below, the court finds that pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff may not take this appeal in forma pauperis.

A litigant seeking to appeal a judgment must either pay the required filing fees, *see* Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958).

An appeal is frivolous when none of the legal points are arguable on their merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978 79 (8th Cir. 1964).

The orders from which Plaintiff is attempting to appeal—the court's March 28, 2022 order regarding his co-plaintiffs joining of this lawsuit (filing 11) and the court's April 27, 2022 order denying Plaintiff's motion for reconsideration and for copies (filing 23)—are clearly not appealable. The orders do not qualify as a "final decision[]" capable of appeal under 28 U.S.C. § 1291. In addition, the order does not fall within the narrow class of appealable interlocutory orders under § 1292(a).

Because Plaintiff is attempting to appeal from orders that are not appealable, the court certifies that the appeal is not taken in good faith.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Appeal in Forma Pauperis (filing 32) is denied.

Dated this 7th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge