IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID A. JACKSON-MACKAY, AUSTIN D. ANDERSON, and PRESTON WISENBAKER,<br><br>Plaintiffs,<br><br>vs.<br><br>VONNIE COTANT, Jail Administrator, Scotts Bluff County Detention Center, individual capacity; MICHAEL DEDINSKY, Deputy Jail Administrator, Scotts Bluff County Detention Center, individual capacity; JULIE WHITE, Administrative Sergeant, Scotts Bluff County Detention Center, individual capacity; VAL RIVAS, Mail Room Supervisor, Scotts Bluff County Detention Center, individual capacity; KARI WOLF, Mail Room Clerk, individual capacity; JEREMIAH BRETTHAUER, Inmate Services Liasion, Scotts Bluff County Detention Center; COUNTY OF SCOTTS BLUFF, NEBRASKA, acting through the Scotts Bluff County Detention Center; and MARK OVERMAN, Sheriff, Scotts Bluff County Detention Center, individual capacity;<br><br>Defendants. | **8:22CV10**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff David A. Jackson-Mackay's ("Jackson") Motion to Amend Caption, Filing No. 98, and Reply to the Certificate of Service of Summary Judgment Pleadings to Plaintiff, Filing No. 99, filed on July 5, 2023. Each filing will be addressed in turn.

First, Jackson asks the Court to amend the caption to change his name from "David A. Jackson-Mackay" to "David A. Jackson" as his name was restored to

"Jackson" after a divorce and he is currently committed to the custody of the Federal Bureau of Prisons under his birth name of David Andrew Jackson. Filing No. 98. Upon consideration, Jackson's motion is granted, and the Court will direct the Clerk of Court to update the caption accordingly.

Jackson has also filed what he titles a "Reply to the Certificate of Service of Summary Judgment Pleadings to Plaintiff" (hereinafter "Reply"), which the Court liberally construes as a motion. Filing No. 99. By way of background, the Certificate of Service of Summary Judgment Pleadings to which Jackson replies was filed by Defendants on May 8, 2023, certifying that Defendants' Motion for Summary Judgment, Filing No. 89, Statement of Undisputed Material Facts, Filing No. 90, and Brief in Support of their Motion for Summary Judgment, Filing No. 91, which were filed on March 31, 2023, were sent to Plaintiff Preston Wisenbaker at his updated address after the materials previously had been returned to Defendants as undeliverable. Filing No. 96; *see also* Filing No. 92. Defendants mailed the Certificate of Service of Summary Judgment Pleadings to Jackson at the address Jackson had on file with the Court on May 8, 2023. Filing No. 96 at 3. Defendants also mailed their Motion for Summary Judgment and supporting materials to Jackson on March 31, 2023 to that same address, *see, e.g.*, Filing No. 89 at 3, which Jackson provided to the Court on March 17, 2023, Filing No. 88. On May 30, 2023, Jackson filed a notice of address change and provided his current address at the Federal Correctional Complex-Low. Filing No. 97.

In his Reply, Jackson states that he was in transit from March 14, 2023 through and including May 19, 2023, and had extremely limited telephone access, no access to email, and was not permitted to receive mail during that time as he was regularly

transferred from one institution to another without advance notice. Jackson further states that he has not received Defendants' Motion for Summary Judgment and supporting materials. He requests that the Court require Defendants to serve Jackson with a copy of those pleadings and stay any ruling on Defendants' Motion for Summary Judgment until he has received copies of the pleadings and been afforded an opportunity to respond.

Upon consideration, the Court will grant Jackson's request and require Defendants to serve their Motion for Summary Judgment, Statement of Undisputed Material Facts, and Brief on Jackson at his current address. Defendants shall file a certificate of service once service has been made. Jackson shall have 21 days after being served with the summary judgment motion to file a brief in opposition. *See* NECivR 7.1(b)(1)(B); NECivR 56.1(b)(3). Because Jackson will be provided an opportunity to respond to the summary judgment motion, the pretrial conference scheduled for July 12, 2023, *see* Filing No. 86, will be continued as set forth below.

Finally, the Court addresses Jackson's request in his Reply that his email address be added to the Court's records so that he may receive electronic notices of filings. Filing No. 99 at 2, ¶ 6. In addition to the request in his Reply, the Court received an electronic filing request through PACER for Jackson, but the mailing address provided in the request does not match the address the Court has on file for Jackson and the Court cannot verify that the PACER request for Jackson was submitted by him. As Jackson has previously been advised, "**Prisoners may not use the CM/ECF system**." Filing No. 67 (quoting Filing No. 4 at 2 (emphasis in original)). Given that

3

Jackson is incarcerated in Florida, the Court will not grant him access to the Court's electronic case management system.

Accordingly,

IT IS ORDERED that:

1. Jackson's Motion to Amend Caption, Filing No. 98, is granted. The Clerk of Court is directed to update the caption to identify the lead plaintiff as "David A. Jackson."

2. Jackson's Reply to the Certificate of Service of Summary Judgment Pleadings to Plaintiff, construed as a motion, Filing No. 99, is granted in part and denied in part, as follows:

    a. Jackson's request to be re-served with Defendants' summary judgment materials and have an opportunity to respond to the summary judgment motion is granted;

    b. Defendants shall promptly serve their Motion for Summary Judgment, Filing No. 89, Statement of Undisputed Facts, Filing No. 90, and Brief in Support of their Motion for Summary Judgment, Filing No. 91, on Jackson at his updated address listed in Filing No. 97, and shall file a certificate of service with the Court once service has been made;

    c. Jackson shall have 21 days after being served with the summary judgment motion and supporting materials to file a brief in opposition;

      d.      Jackson's request to receive electronic notice of case filings and for access to the Court's electronic case management system is denied.

3.      The Final Pretrial Conference scheduled for July 12, 2023, is continued until further order of the Court.

4.      The Clerk of Court shall transmit a copy of this Order to Magistrate Judge Zwart's chambers.

5.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **August 3, 2023**: check for Jackson's brief.

Dated this 10th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5